# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 25, 2023

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| RUBY KATHERINE GORDON, | * |
| *Parent and natural guardian of* | * |
| *C.C., a minor,* | *    UNPUBLISHED |
| | * |
| Petitioner, | *    No. 18-431 |
| | *    Special Master Gowen |
| v. | * |
| | *    Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Camille M. Collett*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 12, 2022, Ruby Katherine Gordon ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 84). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of $29,083.93.

I. **Procedural History**

On March 23, 2018, Petitioner, on behalf of her minor child C.C., filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner alleged C.C. suffered from acute disseminated encephalomyelitis as a result of receiving an influenza vaccination on October 30, 2015. On July 12, 2021, Respondent filed a motion to dismiss and following briefing, I issued my decision dismissing the petition for insufficient proof on August 31, 2022. (ECF No. 79).

On December 20, 2022, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $29,883.93, representing $24,642.70 in attorneys' fees and $5,241.23 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. *Id.* Respondent filed his response on January 23, 2023, stating that "[i]f the Special Master is satisfied that this case was filed and proceeded with a reasonable basis" then the determination of reasonable attorneys' fees and costs is within my discretion. Response at 2-3 (ECF No. 86). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, I find that good faith and reasonable basis have been satisfied. Respondent also has not put forth any argument against the good faith or reasonable basis of the claim. Respondent's position greatly contributes to the finding of reasonable basis. *See Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.")  A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel: for Ms. Leigh Finfer, $200.00 per hour for work performed in 2020, $225.00 per hour for work performed in 2021, and $250.00 per hour for work performed in 2022; and for Ms. Shealene Mancuso, $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020. These rates are consistent with what counsel have previously been awarded in the Vaccine Program and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, the overall hours spent on this matter appear to be largely reasonable. However, I have reviewed the billing entries and find that a small reduction must be made for paralegals billing for clerical tasks such as filing documents or attorneys billing time to direct this activity. Upon review, a reasonable reduction for this issue is $800.00 in order to achieve "rough justice." *See Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $23,842.70.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $5,241.23. This amount is comprised of acquiring medical records, postage, and work performed by Petitioner's medical expert, Dr. Maria Chen. Fees App. at 21. All of these costs are typical of Vaccine Program litigation, are reasonable in my experience, and have been supported by Petitioner with adequate documentation. Accordingly, Petitioner is awarded the full amount of costs requested.

## III. Conclusion

**Accordingly, I award a lump sum in the amount of $29,083.93, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Leigh Finfer.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                         **/s/Thomas L. Gowen**
                                         Thomas L. Gowen
                                         Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).